# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00692-CV

**North Central Texas Council of Governments, Appellant**

**v.**

**MRSW Management, LLC, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. D-1-GN-11-002447, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

## C O N C U R R I N G   O P I N I O N

I join Justice Goodwin's opinion. I write separately to express my concern that our Majority Opinion, when combined with the opinion of the San Antonio Court of Appeals in *MRSW Management LLC v. Texas Department of Public Safety*, ___ S.W.3d ___, No. 04-12-00715-CV, 2013 WL 1830968 (Tex. App.—San Antonio May 1, 2013, no pet. h.), may produce a result that is contrary to the legislature's intent.

As stated in Justice Goodwin's opinion, MRSW Management agreed to provide goods and services for the sole benefit of the Texas Department of Public Safety (DPS). For purposes of entering into a contract, however, the North Central Texas Council of Governments (NCTCOG) was inserted as a "conduit for funding" in between those parties. While the goods and services themselves were to go directly from MRSW to the DPS, "[t]he funds to pay for the services were to flow from DPS to NCTCOG to MRSW." Slip Op. at 2. And there were two contracts, one

between DPS and NCTCOG and another (in the form of purchase orders) between NCTCOG and MRSW. There was no contract between DPS and MRSW, at least not directly.

It is quite common for a governmental entity to enter into a contract to purchase goods or services from a private party. Not surprisingly, disputes occasionally arise regarding performance of those contracts. Sometimes those disputes lead the governmental entity to conclude that it can and should refuse to pay the contract price, even if the goods and services have already been delivered. Sometimes that conclusion is warranted and sometimes it is not. Societies wisely establish neutral arbiters, such as courts and judges, to resolve contract disputes. The doctrines of governmental and sovereign immunity, however, usually have the effect of eliminating a neutral arbiter in disputes that involve a governmental entity, thereby leaving a private party in the unfortunate position of having the governmental entity itself be the sole decider of the correctness of its decision not to pay under the contract.

In an effort to alleviate that unfairness, the legislature has, in the last 15 years or so, tried to ensure that parties that enter into contracts with governmental entities have a just and meaningful way to resolve any such contract disputes and, if they show themselves entitled, get paid. One such process created by the legislature is contained in Subchapter I of Chapter 271 of the Texas Local Government Code. Under that subchapter, governmental immunity is waived when a private party has entered into a contract to provide goods or services "to [a] local governmental entity." *See* Tex. Local Gov't Code §§ 271.151, .152. That is all well and good, but in the present case it is undisputed that MRSW did not provide any goods or services "to NCTCOG." Rather, as noted in Justice Goodwin's opinion, the goods and services were provided directly to the DPS, so

2

Subchapter I of Chapter 271 is inapplicable and does not waive NCTCOG's governmental immunity under these circumstances.

Another process by which the legislature has attempted to alleviate the unfairness noted above is through Chapter 2260 of the Texas Government Code. That chapter established a procedure by which a private party that "directly" enters into a contract with a Texas governmental entity may assert a breach-of-contract claim to that entity. Tex. Gov't Code § 2260.051. If the claim cannot be resolved by negotiation or mediation, the private party may request a contested-case hearing before the State Office of Administrative Hearings. *Id.* § 2260.102. In a separate claim and subsequent lawsuit against the DPS, MRSW has sought to invoke this procedure. But in that case the San Antonio Court of Appeals has held that Chapter 2260 is not available to MRSW because MRSW did not have a contract "directly" with the DPS. *See* 2013 WL 1830968, at *3. Rather, MRSW's contract was with NCTCOG, the "conduit for funding," and the court held that Texas agency law did not alter this result. *Id.* at *3-4. That is indeed a Catch-22 situation and threatens to deprive MRSW of any remedy at all.

Even more unfortunate is that the confluence of these opinions could create an avenue by which any Texas governmental entity could, in future contracts with private parties, avoid the neutral arbiter intended by the legislature simply by inserting a "middle-man" in the transaction. I do not believe the legislature intended for such a loophole to exist. This Court, however, is not in a position to change that outcome. The purpose of this concurring opinion is simply to call this anomaly to the attention of the supreme court and legislature.

 

 

 

_____

J. Woodfin Jones, Chief Justice

Joined by Justices Goodwin and Field

Filed:   June 20, 2013